(76 South. 622)

No. 22471.

FORD v. FORD.

(June 30, 1917. Rehearing Denied Oct. 29, 1917.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ⬩987(2) — DETERMINATION OF QUESTIONS OF FACT—FINDING OF TRIAL COURT.

Although appellate courts are required by the Constitution of Louisiana to decide questions of fact as well as of law in civil cases, an appellate court is, of course, constrained to defer largely to the better judgment of the trial judge regarding a question of fact, when the conflict in the testimony cannot be reconciled or explained upon any other theory than that the witnesses on the one side or the other committed perjury, and it appears that the trial judge was well acquainted with the witnesses.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Suit by Mrs. Carrie Russell Ford against W. C. Ford for a separation from bed and board, with reconventional demand for absolute divorce. Judgment for defendant, and plaintiff appeals. Affirmed.

Alexander & Wilkinson and Lewell C. Butler, all of Shreveport, for appellant. Murff & Roberts, of Shreveport, for appellee.

O'NIELL, J. The plaintiff brought suit against her husband for a separation from bed and board, alleging that he had treated her so cruelly as to render their living together intolerable or insupportable. She also prayed to be awarded the custody of their four year old boy, and to have half of the property belonging to the matrimonial community

In his answer to the suit the defendant denied that he had treated his wife cruelly, and alleged that their domestic troubles were caused entirely by her fault. He admitted that he had withdrawn from the matrimonial domicile, alleged that the cause of the domestic quarrel and separation was her marital infidelity, and he asserted a reconventional demand for an absolute divorce, on statutory grounds, and for the custody of the child. Judgment was rendered in favor of the defendant, rejecting the plaintiff's demand, and allowing the defendant's reconventional demand for an absolute divorce and the custody of his child. The plaintiff, defendant in the reconventional demand, prosecutes this appeal.

As to the plaintiff's suit for a separation from bed and board, on the ground of cruel treatment, the district judge concluded that

the domestic quarrels were provoked by the indiscretion of the wife; and, although there is a conflict in the testimony on the subject, our opinion is that the judge made no mistake in that respect.

On the reconventional demand of the defendant, for an absolute divorce, either he and his witnesses or his wife and her witnesses committed perjury. They could not have been mistaken as to the important facts to which they gave direct and positive testimony. The conflict in the evidence cannot be reconciled or accounted for upon any other theory than that one set or the other of the witnesses did not tell the truth. Astounding as the record is in that respect, it would be even more remarkable, perhaps, to find that the witnesses who testified against the lady conspired to destroy her reputation and bring shame upon her family than that the witnesses who testified for her anointed their conscience with the thought of protecting the honor of the unhappy family. Such considerations, of course, do not outweigh the burden of proof required to maintain the husband's demand for the condemnation of his wife. But the witnesses in this case were of long residence in the jurisdiction of the trial court, and we have no doubt that the district judge was acquainted of their worthiness or unworthiness of belief. Although we are compelled by the organic law to review and pass judgment upon the facts as well as the law in civil cases, we are constrained to defer largely to the better judgment of the trial judge, when the conflict in the testimony cannot be reconciled or explained upon any other theory than that the witnesses on the one side or the other committed perjury, and it appears that the trial judge was well acquainted with the witnesses. With only such knowledge of the veracity of the witnesses as the record in this case furnishes, our conclusion, most regretfully, is that the judgment appealed from is sustained by a preponderance of evidence.

A review of the testimony, which is not altogether edifying, would serve no good purpose in the report of this decision.

The appellant complains that the judgment appealed from does not provide for a liquidation or settlement of the community. The plaintiff did not, in terms, pray for a final settlement or liquidation of the community, but prayed merely "that she be awarded one-half of the community property." No evidence whatever was offered in support of that demand. In fact, there is no evidence that there is any community property. If there is, the appellant's right to have a liquidation and final settlement of the community is not affected by this judgment.

The judgment appealed from is affirmed, at the cost of the appellant.

LECHE, J., takes no part.